UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD EBY,<br><br>                    Petitioner,<br><br>    v.<br><br>AARON FORD,<br><br>                    Respondents. | Case No. 3:22-cv-00256-ART-CSD<br><br>ORDER |

*Pro se* Petitioner Donald Eby ("Eby" or "Petitioner") has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and paid the $5 filing fee. (ECF No. 1 ("Petition").) This matter comes before the court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the court dismisses the Petition without prejudice with leave to amend.

I.    **BACKGROUND**

Eby challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court"). *State of Nevada v. Donald Eby*, Case No. 2017-CR-00054.[1] On June 8, 2018, the state court entered a judgment of conviction, pursuant to a jury verdict, of battery causing substantial bodily harm. Eby was sentenced to 12 to 48 months.[2] Eby appealed, and the Nevada Court of Appeals affirmed on June 17, 2019. Remittitur issued on July 16, 2019.

It appears that on November 14, 2019, Eby filed a state petition for writ of habeas corpus. The state court denied post-conviction relief, Eby filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on March 5, 2021. Remittitur issued on June 22, 2021.

On or about May 30, 2022, Eby initiated this federal habeas corpus

---

[1] The court takes judicial notice of the online docket records of the Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo nvsupremecourt.us/public/caseSearch.do.

[2] The inmate locator page on the state corrections department's website indicates Eby was granted parole on January 10, 2020.

1

proceeding.[3] (ECF No. 1-1.)

## II. DISCUSSION

In reviewing the Petition under Rule 4 of the Rules Governing Section 2254 Cases, the Court notes that the Petition is defective. A petition for writ of habeas corpus under 28 U.S.C. § 2254 cannot rely upon mere "notice" pleading, as may be found in other civil cases in the United States District Courts. *Blackledge v. Allison*, 431 U.S. 63, 75 n. 7 (1977) (citing Advisory Committee Note to Rule 4, Rules Foll. Cases under 28 U.S.C. § 2254). The petition must instead contain particularized facts "that point to 'a real possibility of constitutional error.'" *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (sources omitted). The facts alleged in the petition must be sufficient in detail to allow the court to determine whether the petition should be summarily dismissed or should be given further review. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (factual details sufficient to support claims must be present on the face of the petition).

Eby's Petition fails to meet these standards. Indeed, Eby only states that his "claims are still being litigated in [Nevada Supreme Court case number] 84684[4], this is just to stop the clock, once [the Nevada Supreme Court] decides 84684, I will amend this petition." (ECF No. 1 at 3.) Because Eby fails to present any claims, his Petition is insufficient.

The foregoing deficiency notwithstanding, the Court will provide Eby with the opportunity to amend his Petition. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) ("[A] petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted."). The amended petition must specify the grounds for relief

---

[3] On initial review, the Court notes, without deciding, that the AEDPA statute of limitations expired on April 26, 2022, prior to the transmission of the instant Petition.

[4] It appears that this appeal concerns Eby's appeal of the state district court's denial of a request for the state district court to vacate Eby's judgment of conviction and entry a full exoneration order.

available to the Petitioner and state the facts supporting each ground.

Based on his representation, it appears that Eby may be seeking to file a protective petition and to stay these proceedings while the Nevada Supreme Court decides his pending appeal. If that is the case, then Eby should file an amended protective petition and a motion for stay and abeyance. This Court notes that a federal district court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005). Where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. *Id.* at 278. By filing a protective petition, a petitioner seeks to avoid a determination that a federal habeas petition is time-barred after months or years of litigating in state court. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* However, the Supreme Court placed limits on the district courts' discretion to facilitate a petitioner's return to state court to exhaust claims:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, *stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court*. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

*Rhines*, 544 U.S. at 277 (emphasis added).

**III. CONCLUSION**

It is therefore ordered that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) is dismissed without prejudice with leave to amend.

It is further ordered that Petitioner will have forty-five (45) days from the date of entry of this order to (1) file an amended petition for a writ of habeas corpus that contains all of his claims for relief **or** (2) file an amended protective petition for a writ of habeas corpus that contains all of his claims for relief along with a motion for stay and abeyance. Petitioner must write the word "AMENDED" or "AMENDED PROTECTIVE" immediately above "Petition for a Writ of Habeas Corpus," and he must place the case number, 3:22-cv-00256-ART-CSD, in the designated space. Failure to file an amended petition or amended protective petition in accordance with this order could result in this action being dismissed without prejudice and without further prior notice.

It is further ordered that the Clerk send Petitioner a noncapital Section 2254 habeas petition form and one copy of the instructions for the form.

DATED THIS 21st day of June 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE