UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD EBY,<br><br>                       Petitioner,<br>     v.<br>AARON FORD,<br><br>                       Respondent. | Case No. 3:22-cv-00256-ART-CSD<br><br>ORDER |

    *Pro se* Petitioner Donald Eby filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and paid the $5 filing fee on June 7, 2022. (ECF No. 1 ("Petition").) This Court conducted an initial review of Eby's Petition on June 21, 2022, finding that the Petition was defective because Eby failed to present any claims. (ECF No. 3.) This Court dismissed Eby's Petition without prejudice and with leave to amend. (*Id.* at 4.) Eby has now filed a Protective Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a Motion to Stay. (ECF Nos. 4 ("Motion"), 5 ("Amended Petition").) As such, this matter comes again before this Court on initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). Following review of the Amended Petition, this Court orders Eby to show cause why it should not be dismissed as moot.

I.    **BACKGROUND**[1]

    Eby challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court"). *State of Nevada v. Donald Eby*, Case No. 2017-CR-00054.[2] On June 8, 2018, the state court entered a judgment of conviction, pursuant to a jury verdict, of battery causing substantial bodily harm. Eby was sentenced to 12 to 48 months.[3] Eby appealed, and the Nevada

---

[1] For clarity purposes, this Court repeats this background section initially contained within its June 21, 2022, order. (ECF No. 3.)

[2] The court takes judicial notice of the online docket records of the Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo nvsupremecourt.us/public/caseSearch.do.

[3] The inmate locator page on the state corrections department's website indicates Eby was granted parole on January 10, 2020.

1  Court of Appeals affirmed on June 17, 2019. Remittitur issued on July 16, 2019.
2  It appears that on November 14, 2019, Eby filed a state petition for writ of habeas
3  corpus. The state court denied post-conviction relief, Eby filed a post-conviction
4  appeal, and the Nevada Court of Appeals affirmed the denial on March 5, 2021.
5  Remittitur issued on June 22, 2021. It appears Eby then moved for the state
6  court to vacate his judgment of conviction and entry a full exoneration order. The
7  state court denied the motion, and Eby is currently appealing that decision.

**II.    DISCUSSION**

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *See, e.g., Maleng v. Cook*, 490 U.S. 488, 490–91 (1989). A habeas petitioner is no longer "in custody" under a judgment of conviction for purposes of federal habeas jurisdiction if the sentence imposed by the judgment has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492; *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir.1990).

The state corrections department's website indicates that Eby's sentence started on June 4, 2018. As such, his 12-to-48-month sentence expired on or before June 4, 2022. Eby's Amended Petition was not filed until July 29, 2022. As such, it appears that Eby was no longer "in custody" for purposes of federal habeas jurisdiction since his sentence was fully expired before his Amended

Petition was filed. *See Maleng*, 490 U.S. at 492.

### III. CONCLUSION

It is therefore ordered that Eby show cause within 45 days of entry of this order why this action should not be dismissed as moot. If Eby does not timely respond to this order, the Amended Petition will be dismissed with prejudice without advance notice. If Eby responds but fails to show with specific, detailed, and competent evidence why the Amended Petition should not be dismissed as moot, the action will be dismissed with prejudice. This Court will not consider any assertions of fact that are not specific as to time and place, that are not made pursuant to a declaration under penalty of perjury based upon personal knowledge, and/or that are not supported by competent evidence.

It is further ordered that the Clerk of the Court add Aaron Ford, Attorney General of the State of Nevada, as counsel for respondents, electronically serve respondents' counsel a copy of the Amended Petition (ECF No. 5) and Motion (ECF No. 4), electronically provide respondents' counsel a copy of this order, and electronically provide respondents' counsel copies of all items previously filed in this case by regenerating the Notices of Electronic Filing. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order.

It is further ordered that respondents respond to Eby's filing of a show of cause within 30 days of receipt of that filing. Eby may file a reply 15 days following receipt of respondents' response.

A scheduling order on the briefing of the Motion and Amended Petition will be issued, if necessary, following resolution of this jurisdiction matter.

DATED THIS 11th day of August 2022.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3