UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD EBY, | Case No. 3:22-cv-00256-ART-CSD |
|             Petitioner, | ORDER |
| v. | |
| AARON FORD, | |
|             Respondent. | |

*Pro se* Petitioner Donald Eby filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and paid the $5 filing fee on June 7, 2022. (ECF No. 1 ("Petition").) This Court conducted an initial review of Eby's Petition on June 21, 2022, and found that the Petition was defective because Eby failed to present any claims. (ECF No. 3.) This Court dismissed Eby's Petition without prejudice and with leave to amend. (*Id.* at 4.) Eby then filed a Protective Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a Motion for Stay. (ECF Nos. 4 ("Motion for Stay"), 5 ("Amended Petition").) This Court conducted a review of Eby's Amended Petition and ordered Eby to show cause why it should not be dismissed based on a lack of jurisdiction. (ECF No. 6.) The Court ordered that the Amended Petition be served on Respondents' counsel and Respondents to respond to Eby's response to the order to show cause. (*Id.* at 3.) Eby responded by filing a motion to strike the order to show cause. (ECF No. 8.) Respondents responded to Eby's motion, and Eby replied. (ECF Nos. 9, 14.)

I. **BACKGROUND**[1]

Eby challenges a conviction and sentence imposed by the Ninth Judicial District Court for Douglas County ("state court"). *State of Nevada v. Donald Eby,*

---

[1] For clarity purposes, this Court repeats this background section initially contained within its June 21, 2022, order (ECF No. 3) and its August 11, 2022, order (ECF No. 6).

1

Case No. 2017-CR-00054.[2] On June 8, 2018, the state court entered a judgment of conviction, pursuant to a jury verdict, of battery causing substantial bodily harm. Eby was sentenced to 12 to 48 months. Eby appealed, and the Nevada Court of Appeals affirmed on June 17, 2019. Remittitur issued on July 16, 2019. It appears that on November 14, 2019, Eby filed a state petition for writ of habeas corpus. The state court denied post-conviction relief, Eby filed a post-conviction appeal, and the Nevada Court of Appeals affirmed the denial on March 5, 2021. Remittitur issued on June 22, 2021. It appears Eby then moved for the state court to vacate his judgment of conviction and enter a full exoneration order. The state court denied the motion, and Eby is currently appealing that decision.

## II.   LEGAL STANDARD

The federal habeas statute gives district courts jurisdiction to entertain petitions challenging a judgment of conviction only for persons who are "in custody" for the conviction when the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989); 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."). A habeas petitioner no longer is "in custody" for purposes of federal habeas jurisdiction if the sentence imposed by the judgment of conviction has fully expired before the federal petition is filed. *Maleng*, 490 U.S. at 492 (explaining that the Supreme Court has "never extended [the in-custody requirement] to the situation where a habeas petitioner suffers no present restraint from a conviction"); *De Long v. Hennessey*, 912 F.2d

---

[2] The court takes judicial notice of the online docket records of the Nevada appellate courts. The docket records may be accessed by the public online at: http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

2

1144, 1146 (9th Cir. 1990) ("It is a statutory prerequisite that a habeas corpus petitioner must be 'in custody' at the time the petition is filed. A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not 'in custody' for the purposes of this court's subject matter jurisdiction." (Internal citation omitted)).

## II.   DISCUSSION

Eby argues that this Court has jurisdiction to entertain his Amended Petition. (ECF No. 8.) Eby explains that his sentence started on June 6, 2018, and expired four years later on June 6, 2022. (*Id.*) And because his original Petition was mailed to the Court on June 4, 2022—even though it was not filed until June 7, 2022—the Court should consider his original Petition filed prior to the expiration of his sentence. (*Id.*)

Respondents contend that Eby's sentence expired on May 21, 2020. (ECF No. 9 at 1.) Holly Skulstad, the Classification and Planning Specialist for the Offender Management Division within the Nevada Department of Corrections ("NDOC"), declared that she reviewed Eby's "case note records" maintained by the NDOC and that those records show that Eby's prison sentence expired on May 21, 2020. (ECF No. 9-1 at 2–3.) Similarly, Eby's "Credit History by Sentence" report, generated from the NDOC, shows that Eby's sentence expired on May 21, 2020. (*Id.* at 4.)

In his reply, Eby admits that he was discharged from parole on May 21, 2020. (ECF No. 14.) However, Eby argues that he filed his state court post-conviction petition prior to discharging parole and his instant Amended Petition "is just a continuation thereof." (*Id.*) Eby also argues that he is prohibited from obtaining a passport[3] and owning a firearm due to his conviction and because these prohibitions restrain his liberty, he should still be considered "in custody."

---

[3] Notably, Eby provides no evidential support of his inability to obtain a passport.

(*Id.*)

Although Eby was sentenced to a maximum of 48 months, meaning he faced being in custody up until June 6, 2022, Eby's sentence fully expired on May 21, 2020. (ECF No. 9-1.) Eby's Petition was not transmitted to this Court until more than two years later in June 2022. (ECF No. 1.) As such, Eby was not in custody at the time he transmitted his Petition.

Turning to Eby's contentions, the Supreme Court has held that federal habeas petitioners must be "in custody" at the time his or her *federal* habeas petition is filed—not at the time his or her *state* habeas petition is filed. *See Maleng*, 490 U.S. at 490–91. And regarding the prohibitions stemming from Eby's conviction, the Supreme Court has stated that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Id.* at 492; *see also Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998) ("[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequences of a conviction.' In general, courts hold that the imposition of a fine or the revocation of a license is merely a collateral consequence of conviction, and does not meet the 'in custody' requirement.").

## IV.   CONCLUSION

It is therefore ordered that Petitioner's motion to strike the order to show cause **[ECF No. 8] is denied**.

It is further ordered that Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 **[ECF No. 5] is dismissed without prejudice** for a lack of jurisdiction.

It is further ordered that Petitioner's motion to stay case **[ECF No. 4] is denied as moot**.

It is further ordered that because reasonable jurists would not find the

4

court's determination to be debatable or wrong, the Court will not issue a certificate of appealability.

It is further ordered that the clerk of the court is directed to enter judgment accordingly and close this action.

DATED THIS 18th day of November 2022.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE